EMMERSON
*vs.*
CLAYWELL.

---

{ 14m 15 } *15*
{ 96 144 }

## Emmerson *vs.* Claywell.

Case 7.

ERROR TO CUMBERLAND CIRCUIT.

1. An assignor of a bond for either land or money, purports to pass to the assignee what the bond calls for, and undertakes by implication that he has a right to pass to the assignee what the assignment purports to pass. If the assignor has not such right, there is a breach of his implied undertaking the moment the assignment is made, and it is not necessary to show the want of such right by suit, if it can be manifested without a suit. Roberts v. Atwood & Co., 8 *B. Monroe,* 210.

2. The assignee of a bond, though receiving it with the knowledge that another person claimed it, may recover against his assignor, unless by the contract he agreed to *risk* the claim of such third person.

3. This court will not reverse and order a new trial of a case, where the verdict of the jury upon a question of fact, is authorized by the evidence.

4. Where two persons own different interests, one a third, another two thirds in the lands called for in a bond for title, and unite in a joint assignment, they are jointly liable for the whole to the assignee.

June 13.

Judge CRENSHAW delivered the opinion of the court.

Case stated.

The decisions referred to by the counsel of the appellants are based upon states of case different from that disclosed in the present controversy. In all the cases referred to by the counsel, it appears that the assignors of the title bonds, had an absolute right to the bonds, and a right to demand a conveyance, or compensation in damages from the obligors therein; and the responsibility of assignors in such cases, depends upon different principles, and the measure of recovery is governed by different criteria.

The title bond in this case had been executed to King, and assigned by him to free Billy, a man of

color, as indemnity for a debt owing to him by King, and was, therefore, subject to be reclaimed and redeemed by King. Free Billy's right to it, and the land it called for, was not absolute, but contingent, and all the subsequent assignees, with notice, took it subject to the equities of the original assignor, King. King applied to the chancellor, and by his decree, it was determined that he was entitled to the land for which the bond called. It is made to appear, therefore, that what the assignment to Claywell purported to pass to him, to-wit: an indefeasible right to have from the obligors in the title bond a conveyance of the land, or compensation in damages, in his own right, for a failure to convey, did not pass to him.

We understand the doctrine to be, that an assignor of a bond, either for money or land, undertakes, by implication, that he has a right to pass to the assignee what his assignment purports to pass.

If an absolute and unconditional assignment be made of a bond, either for money or land, the assignor, where there is no express stipulation to that effect, undertakes by implication, that he is the absolute and unconditional owner of the bond, and has an indefeasible right to demand what the bond calls for; and, if he has not such right, there is a breach of this implied undertaking, the moment the bond is assigned; and it is not necessary that this want of right in the assignor, should be established by suit. If it be as evident without a suit as with it, that a suit would be utterly unavailing, it is not necessary to prosecute it. *Roberts v. Atwood, & Co.*, 8 *B. Monroe*, 210. It is made manifest by the suit of King v. Claywell &c., that had Claywell sued the obligors in the title bond, and obtained a conveyance, or damages for a failure to convey, it would have availed him nothing, as he would have held subject to the equity of King. We think, therefore, that unless it had been shown that Claywell agreed to take the assignment of the defendants, risking the claim of King, he has shown a right to recover, notwithstanding he

1. An assignor of a bond for either land or money, purports to pass to the assignee what the bond calls for, and undertakes, by implication, that he has a right to pass to the assignee what the assignment purports to pass. If the assignor has not such right, there is a breach of his implied undertaking the moment the assignment is made, and it is not necessary to show the want of such right by suit, if it can be manifested without a suit. *Roberts v. Atwood, & Co.*, 8 *B. Monroe*, 210.

2. The assignee of a bond, though receiving it with the knowledge that anoth-

3. This court will not reverse and order a new trial of a case where the verdict of the jury, upon a question of fact, is authorized by the evidence.

4. Where two persons own different interests, one a third, another two thirds in the land called for in a bond for title, and unite in a joint assignment, they are jointly liable for the whole to the assignee.

may have known that such a claim existed. The undertaking of the defendants, by virtue of the assignment, is sufficiently comprehensive, to impose a responsibility against such claim, and, unless Claywell agreed to waive such responsibility, his right to recover is, we think, indisputably established.

Whether he did in fact, waive this responsibility, and agree to risk the claim of King, was submitted to the consideration of the jury in the instruction given, and they were of opinion, there was no such risking bargain, and the testimony does not authorize this court to say, that the jury were not authorized to come to such conclusion.

The objection taken, that, inasmuch as Emerson and Hereford, appear by the assignments to them, to have had rights to different quantities of land, a joint suit cannot be maintained, cannot avail. They made a joint assignment, and their undertaking was, therefore, joint, and a suit against them jointly, was proper. It may be, that under the Code, separate judgments might have been entered, but there was no motion to this effect, and it was not error to render a joint judgment.

Wherefore, the judgment is affirmed.

B. and J. MONROE for plaintiff; HARLAN, BELL and CRADDOCK for defendants.